**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle Shermae Arcadi,<br><br>Plaintiff,<br><br>v.<br><br>Michael J. Astrue, Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-11-1780-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Remand. (Doc. 14). For the reasons discussed below, the motion is denied.

## BACKGROUND

**I.  Procedural Background**

Plaintiff applied for disability benefits on February 25, 2008, alleging disability beginning on November 14, 2006. (Doc. 9-3 at 14). She claimed to be disabled because of anal fissures, fistula, stenosis, and seven surgeries to the rectum. (*Id.*). After her application was denied upon request and consideration, a hearing was held before Administrative Law Judge John W. Wojciechowski on April 9, 2010. (Doc. 9-3 at 25–52). On June 9, 2010, the ALJ applied the five-step sequential evaluation process found in 20 C.F.R. § 404.1520 and concluded that Plaintiff was not disabled because her residual functional capacity ("RFC") allowed her to return to her past work. (Doc. 9-3 at

17–19). The Appeals Council denied her request for review on July 13, 2011. (Doc. 9-3 at 1). Plaintiff then filed suit in this Court. (Doc. 1).

After Plaintiff filed her opening brief, Defendant filed a Motion to Remand (Doc. 14), which has been fully briefed.

**II.     Factual Background**

Plaintiff was injured in a fall in 2003, which caused a significant hematoma; from the hematoma she developed an abscess and a fistula. (Doc. 9-11 at 456). She subsequently underwent multiple fistulotomies, two sphincteroplasties, and "9 or 10" other procedures, according to a doctor who treated her in 2009. (*Id.*). According to another treating physician, one result of her condition was incontinence, and another was that the procedures had left her with "a large hole in the anterior skin of the sphincter mechanism;" after bowel movements "stool would deposit in the hole and she couldn't get it out." (Doc. 9-3 at 430).

During her hearing, Plaintiff testified that because of her injuries and her surgeries, she must clean herself after every bowel movement in a special toilet in her home, and that if she does not use the special toilet, she risks both an abscess and an infection. (Doc. 9-3 at 32–37). She testified that she cannot clean herself adequately in a standard restroom or in a shower, that the special toilet was recommended by a doctor, and that hospital personnel are unfamiliar with it. (Doc. 9-3 at 46–47). She testified that she has five or six bowel movements a day, and that during the period in which she was working and did not yet have the special toilet in her home, she could not fully clean herself and a as a result would "sit in my own feces at work" afterwards. (Doc. 9-3 at 44). The Vocational Expert testified that a person who is required to leave the premises of a workplace and travel home five or six times a day would not be able to sustain "either [Plaintiff's] past relevant work or other work." (Doc. 9-3 at 51). The Vocational Expert further testified that Plaintiff's special toilet is not generally available in the work environment. (*Id.*). No testimony was offered contradicting Plaintiff's description of the special toilet, her need to clean herself in that toilet, or the adequacy of other methods of

cleaning herself.

In his decision, the ALJ noted that Plaintiff "has to use the bathroom five or six times a day," and that she "also has to constantly keep that area clean." (Doc. 9-3 at 17). The decision does not mention the special toilet, and does not discuss Plaintiff's testimony that only the special toilet can adequately clean her after she has a bowel movement. The ALJ stated that factors relevant to an individual's symptoms include "the individual's daily activities, . . . and any other factors concerning the individual's functional limitations." (Doc. 9-3 at 18). Without discussing the special toilet or Plaintiff's testimony as to the inadequacy of other means of staving off infection after a bowel movement, the ALJ stated that Plaintiff's statements concerning the "limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." (Doc. 9-3 at 18).

In her opening brief, Plaintiff argued that the ALJ rejected Plaintiff's testimony regarding the toilet and her inability to clean herself in an ordinary restroom without providing "clear and convincing reasons" for doing so. *Taylor v. Comm'r of Social Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011). Rather than file a response, Defendant has moved to remand the case for further administrative proceedings, including a new hearing, to "enable an administrative law judge ('ALJ') to fully evaluate the evidence in this voluminous record and make the necessary finding to determine whether Plaintiff is disabled." (Doc. 15 at 2). Elsewhere, Defendant suggests that, after remand an ALJ will have the opportunity to "re-evaluat[e] Plaintiff's subjective complaints." (Doc. 15 at 8).

## DISCUSSION

**I.    Legal Standard**

In a claim seeking review of denial of social security benefits, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "If additional proceedings can remedy defects in the original administrative proceeding, a social

security case should be remanded." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). On the other hand, when "the question of whether [a claimant] is eligible for benefits turns entirely on the credibility" of a plaintiff's testimony, and the district court finds that the ALJ improperly discredited that testimony, remand for further proceedings is inappropriate, and the court should instead remand for a calculation of benefits. *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004).

## II.     Analysis

The Ninth Circuit follows the "credit-as-true" rule, in which a court credits a plaintiff's evidence and remands a case for an award of benefits when "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).[1] Even when "there may exist valid grounds on which to discredit a claimant's pain testimony" in the record, the Ninth Circuit invokes the credit-as-true rule because "it is both reasonable and desirable to require the ALJ to articulate them *in the original decision*." *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000) (quoting *Varney v. Sec'y of Health and Human Svc's (Varney II)*, 859 F.2d 1396, 1398–99 (9th Cir. 1988)) (emphasis in original).

Defendant argues that the record here presents outstanding issues that must be resolved, and that it is not clear the ALJ would be required to find disability because "the record contains evidence inconsistent with a finding of disability under Social Security criteria." (Doc. 15 at 4). Defendant notes that one doctor, after treating Plaintiff for

---

[1] The Court is aware of the Commissioner's position regarding the credit-as-true rule, but notes that even a Ninth Circuit judge who shares some skepticism of the rule's validity has noted that "because the crediting-as-true rule is part of our circuit's law, only an en banc court can change it." *Vasquez v. Astrue*, 572 F.3d 586, 602 (9th Cir. 2009) (O'Scannlain, J. dissenting). A district court is not at liberty to ignore the rule based upon Defendant's claims that it conflicts with the Social Security Act and "improperly usurps the ALJ's role as finder of fact." (Doc. 15 at 5).

incontinence, wrote that Plaintiff could return to work if she wore a diaper. (Doc. 9-8 at 243). Defendant also cites to testimony from the doctor detailing numerous treatments that Plaintiff was given for incontinence. (Doc. 9-11 at 430–439). In this testimony, the doctor details incontinence treatments, but answers affirmatively when asked "if [Plaintiff] doesn't have these optimal stools, even though your surgery was successful, she will have this wiping issue, potentially, for the rest of her life?" (*Id.* at 439). Finally, Defendant claims that Plaintiff herself has "reported that she had special toilet paper that helped clean and drain the area." (Doc. 15 at 6). In support of this supposed report by Plaintiff, Defendant cites to a medical evaluation that reads, "She relates that she has an internal opening and cavity that she has a special toilet that helps clean the area and drain the area, and so there is no soiling." (Doc. 9-11 at 456). Nothing in the cited report mentions toilet paper at all; the report only mentions the special toilet that Plaintiff testified about at her hearing.

Defendant has not provided evidence demonstrating that a remand for further evidentiary proceedings is appropriate. Defendant has not responded to Plaintiff's opening brief, so the Court need not determine whether to apply the "credit-as-true" rule. Defendant will be provided an opportunity to respond to Plaintiff's brief, and the Court will not rule on the merits until the matter is fully briefed.

**IT IS THEREFORE ORDERED:**

1. Defendant's Motion to Remand (Doc. 15) is **denied**.

2. Defendant shall have to and including **July 23, 2012,** to respond to Plaintiff's Opening Brief (Doc. 11).

Dated this 22nd day of June, 2012.

/s/ A. Murray Snow
_____
G. Murray Snow
United States District Judge