**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danielle Shermae Arcadi, | No. CV-11-1780-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is the appeal of Plaintiff, Danielle Shermae Arcadi, which challenges the Social Security Administration's decision to deny benefits. (Doc. 1). For the reasons set forth below, the Court vacates the decision and remands for a computation of benefits.

## BACKGROUND

**I.  Procedural Background**

Plaintiff applied for disability benefits on February 25, 2008, alleging disability beginning on November 14, 2006. (Doc. 9-3 at 14). She claimed to be disabled because of anal fissures, fistula, stenosis, and seven surgeries to the rectum. (*Id.*). After her application was denied upon request and consideration, a hearing was held before

Administrative Law Judge John W. Wojciechowski on April 9, 2010. (Doc. 9-3 at 25–52). On June 9, 2010, the ALJ applied the five-step sequential evaluation process found in 20 C.F.R. § 404.1520 and concluded that Plaintiff was not disabled because her residual functional capacity ("RFC") allowed her to return to her past work. (Doc. 9-3 at 17–19). The Appeals Council denied her request for review on July 13, 2011. (Doc. 9-3 at 1).

Plaintiff then filed suit in this Court.[1] (Doc. 1). After Plaintiff filed her opening brief, Defendant filed a motion to remand for further evidentiary proceedings. (Doc. 14). Defendant had not provided evidence demonstrating that remand for further evidentiary proceedings was appropriate. The Court therefore denied defendant's motion and ordered Defendant to respond to Plaintiff's opening brief. (Doc. 19). The matter is now fully briefed. (Docs. 11, 21, 26).

## II.   Factual Background

Plaintiff was injured in a fall in 2003, which caused a significant hematoma; from the hematoma she developed an abscess and a fistula. (Doc. 9-11 at 456). She subsequently underwent multiple fistulotomies, two sphincteroplasties, and "9 or 10" other procedures, according to a doctor who treated her in 2009. (*Id.*). According to another treating physician, one result of her condition was incontinence, and another was that the procedures had left her with "a large hole in the anterior skin of the sphincter

---

[1] Plaintiff was authorized to file this action by 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . .").

mechanism;" after bowel movements "stool would deposit in the hole and she couldn't get it out." (Doc. 9-3 at 430).

During her hearing, Plaintiff testified that because of her injuries and her surgeries, she must clean herself after every bowel movement in a special toilet in her home, and that if she does not use the special toilet, she risks both an abscess and an infection. (Doc. 9-3 at 32–37). She testified that she cannot clean herself adequately in a standard restroom or in a shower, that the special toilet was recommended by a doctor, and that hospital personnel are unfamiliar with it. (Doc. 9-3 at 46–47). She testified that she has five or six bowel movements a day, and that during the period in which she was working and did not yet have the special toilet in her home, she could not fully clean herself and a as a result would "sit in my own feces at work." (Doc. 9-3 at 44). The Vocational Expert testified that a person who is required to leave the premises of a workplace and travel home five or six times a day would not be able to sustain "either [Plaintiff's] past relevant work or other work." (Doc. 9-3 at 51). The Vocational Expert further testified that Plaintiff's special toilet is not generally available in the work environment. (*Id.*). No testimony was offered contradicting Plaintiff's description of the special toilet or her need to clean herself in that toilet.

In his decision, the ALJ noted that Plaintiff "has to use the bathroom five or six times a day," and that she "also has to constantly keep that area clean." (Doc. 9-3 at 17). The decision does not mention the special toilet, and does not discuss Plaintiff's testimony that only the special toilet can adequately clean her after she has a bowel movement. The ALJ stated that factors relevant to an individual's symptoms include "the

individual's daily activities, . . . and any other factors concerning the individual's functional limitations." (Doc. 9-3 at 18). Without discussing the special toilet or Plaintiff's testimony as to the inadequacy of other means of staving off infection after a bowel movement, the ALJ stated that Plaintiff's statements concerning the "limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." (Doc. 9-3 at 18).

## DISCUSSION

### I.     Legal Standard

In a claim seeking review of denial of social security benefits, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). On the other hand, when "the question of whether [a claimant] is eligible for benefits turns entirely on the credibility" of a plaintiff's testimony, and the district court finds that the ALJ improperly discredited that testimony, remand for further proceedings is inappropriate, and the court should instead remand for a calculation of benefits. *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004).

### II.    Analysis

The Ninth Circuit follows the "credit-as-true" rule, in which a court credits a plaintiff's evidence and remands a case for an award of benefits when "(1) the ALJ has

failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).[2] Even when "there may exist valid grounds on which to discredit a claimant's pain testimony" in the record, the Ninth Circuit invokes the credit-as-true rule because "it is both reasonable and desirable to require the ALJ to articulate them *in the original decision*." *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000) (quoting *Varney v. Sec'y of Health and Human Svc's (Varney II)*, 859 F.2d 1396, 1398–99 (9th Cir. 1988)) (emphasis in original). As discussed, here the ALJ failed to provide *any* reasons for rejecting Plaintiff's testimony that only the special toilet can adequately clean her after she has a bowel movement. And given the Vocational Expert's testimony that this toilet is not available in the workplace, and that Plaintiff cannot sustain either her past work or other relevant work if she needs to travel home to clean herself several times a day, "it is clear from the record that the ALJ would be required to find the claimant disabled were [Plaintiff's testimony] credited." *Smolen*, 80 F.3d at 1292. (Doc. 9-3 at 51).

Defendant argues that the record presents outstanding issues that must be resolved, and that it is not clear the ALJ would be required to find disability because "the record

---

[2] The Court is aware of the Commissioner's position regarding the credit-as-true rule, but notes that even a Ninth Circuit judge who shares some skepticism of the rule's validity has noted that "because the crediting-as-true rule is part of our circuit's law, only an en banc court can change it." *Vasquez v. Astrue*, 572 F.3d 586, 602 (9th Cir. 2009) (O'Scannlain, J. dissenting). A district court is not at liberty to ignore the rule based upon Defendant's claims that it conflicts with the Social Security Act and "improperly usurps the ALJ's role as finder of fact." (Doc. 15 at 5).

- 5 -

contains evidence inconsistent with a finding of disability under Social Security criteria." (Doc. 21 at 9). For instance Defendant notes that a Dr. McConnell, after treating Plaintiff for incontinence, wrote in June 2007 that Plaintiff could return to work if she wore a diaper. (Doc. 9-8 at 243). McConnell also stated that Plaintiff's difficulty with wiping and stool collection might be alleviated if she maintained optimal stools through a high fiber diet and medication. (Doc. 9-11 at 434–35). McConnell further stated, however, that "getting a well-formed stool [is] sometimes very, very difficult to do" and answered affirmatively when asked "if [Plaintiff] doesn't have these optimal stools, even though your surgery was successful, she will have this wiping issue, potentially, for the rest of her life?" (*Id.* at 435, 439). Moreover, in his decision the ALJ did not articulate any of McConnell's statements as reasons for rejecting Plaintiff's testimony. *See Harman*, 211 F.3d at 1179 (stating that the ALJ must "articulate" the grounds for discrediting a claimant's testimony "*in the original decision*.") (emphasis in original).

Defendant also argues, citing 42 U.S.C. § 423(d)(5)(A), that "the Congressionally mandated disability standard requires more than Plaintiff's own self-serving statements." (Doc. 21 at 9–10). Section 423(d)(5)(A) states, in relevant part, that:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence

of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C. § 423(d)(5)(A).

In other words, an ALJ cannot find disability based solely on the claimant's testimony. *Id.* There must also be medically acceptable clinical or laboratory evidence which "could reasonably be expected to produce the pain or other symptoms alleged." *Id.* In this appeal, however, it is not disputed that Plaintiff has a medical impairment which has created the alleged symptoms. (*See* Doc. 9-3 at 18: "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to cause the alleged symptoms."). Rather, the relevant issue is the "intensity, persistence, and limiting effects" of those symptoms. (*Id.*). And Section 423(D)(5)(A) states that such effects may be established by "statements of the individual or his physician." The Court will credit Plaintiff's and the Vocational Expert's evidence as true and remand this case for an award of benefits.

**IT IS THEREFORE ORDERED** that the ALJ's decision is **VACATED**.

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that this case is **REMANDED** for a computation of benefits.

Dated this 4th day of September, 2012.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge